W. SHARP, Judge,
concurring in part, dissenting in part:
I agree that under the unique circumstances of this case, essentially undisputed by the appellee, the appellant should have been allowed some credit for the mortgage payments he made on the former marital home against his accrued child support ar-rearage. I would remand to the trial court for further consideration of that issue. At the oral argument where appellant appeared *379 pro se, he assured the court that he would make his child support payments strictly in compliance with the trial court’s order and not make direct payments of various expenses at his own discretion. We should not encourage him to depart from this course of action.
This may be one of those insoluble situations where the trial court needs to revisit the totality of the situation in which this dissolved family finds itself, and we should not bind the exercise of the trial court’s discretion in any way. We have not directly heard from the former wife in this case as she was represented by the Department of Revenue, having had to resort to public assistance for her children’s support. There well may be circumstances and facts about which we, as the appellate court, do not know.
For example, there is indication in this record that the amount of child support which appellant has been ordered to pay for his two young children was considerably below the Child Support Guidelines amount (he was ordered to pay only $461.00 per month and the guidelines would have required him to pay $712.53 per month). In spite of that fact, appellant has been persistently delinquent in paying child support, even commencing with the temporary support awards in 1994. By 1996 he was $9,605.95 in arrears for child support and the former wife had filed numerous motions for contempt to force him to pay child support. Since his obligation to pay child support was $5,532 per year (based on $461 per month), it is obvious he paid very little, if any child support. Is it so surprising then that the former wife was unable to pay the mortgage and support the parties’ children?